Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| CARMEN MORALES MARRERO por sí y en representación de JESÚS GABRIEL SERRANOY OTROS<br><br>Demandantes-Recurridos<br><br>v.<br><br>FRANCISCO JAVIER COLÓN NEVÁREZ Y OTROS<br><br>Demandados-Demandantes Contra Terceros<br><br>v.<br><br>**UNIVERSAL INSURANCE COMPANY**<br><br>Tercera Demandada-**Peticionaria** | KLCE202400947 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Hatillo<br><br><br>Civil Núm.: C FDP2017-0013<br><br><br><br>Sobre: Daños y Perjuicios |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de septiembre de 2024.

La jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR

Número Identificador

RES2024 _____

873, 882) (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

Teniendo en cuenta lo anterior, una parte adversamente afectada por una resolución u orden del Tribunal de Primera Instancia puede recurrir al Tribunal de Apelaciones dentro del término estricto de treinta (30) días contados desde la notificación de la resolución u orden recurrida. Regla 52.2 de Procedimiento Civil de 2009 (32 LPRA Ap. V). De presentarse una moción de reconsideración dentro del término jurisdiccional de quince (15) días desde la fecha del archivo en autos de copia de la notificación de la sentencia, este interrumpirá el término para acudir ante el foro apelativo. Íd., R. 47.

En el presente caso, la peticionaria recurrió ante este Tribunal tardíamente. Según el expediente, el Tribunal de Primera Instancia notificó su primera *Resolución* el 5 de diciembre de 2023. Ese mismo día, la peticionaria solicitó reconsideración, a la cual el foro primario pronunció sin lugar el 30 de julio de 2024, siendo esta notificada el 31 de julio de 2024. A esos efectos, la peticionaria recurrió ante este Tribunal el 3 de septiembre de 2024, treinta y cuatro (34) días después de haberse notificado la *Resolución* en reconsideración. Por tanto, al

amparo de nuestro ordenamiento, resulta evidente que nos encontramos ante un recurso tardío, frente al cual carecemos de jurisdicción.

Por los fundamentos expuestos, desestimamos el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones